PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMETRA PHILLIPS, | ) | CASE NO.  1:19-CV-2213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| SCOTT FERRIS, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 4, 5, 11] |

Pending before the Court is Plaintiff Lametra Phillips' Complaint[1] (ECF No. 1), Motion

to Proceed *in forma pauperis* (ECF No. 4), Motion for Appointment of Counsel (ECF No. 5) and

Motion to Stay (ECF No. 11).  Phillips brings this case pursuant to 42 U.S.C. § 1983 and 42

U.S.C. §§ 1985 and 1986 regarding actions taken by Lorain County Children Services ("LCCS")

and its executive director, Defendant Scott Ferris.  For the reasons that follow, the case is

dismissed.

## I.  Background

Phillips complains that actions taken by LCCS[2] regarding the removal of her children

were in violation of her civil rights.  *See* ECF No. 1 at PageID #: 2-3, 7-19.  In addition to

seeking relief for herself, Phillips seeks relief on behalf of her family members, *i.e.*, the "Ramos

Family."  *See e.g. id.* at PageID #: 6, 12, 19.

---

[1]  The Complaint was transferred from the United States District Court, District of
Illinois.  ECF Nos. 12, 13, 14.

[2]  LCCS is not a defendant in this action.

Individually named Defendant Scott Ferris was director of LCCS at the time of the events in question. Phillips alleges that Ferris kidnaped her three infant girls from Mahoning County and her newborn boy from Cuyahoga County. *Id.* at PageID #: 18. She also alleges that as director of LCCS, Ferris should have further investigated before ordering the seizure of her children, and that Ferris has "been doing bribery [and] money laundering to other agencies to grab children to put all children in full care to get paid extra money[.]" *Id.* at PageID #: 9-10, 18-19.

This is not the first lawsuit filed by Phillips and/or her fiancé Marcus Ramos ("Ramos")[3] against LCCS. *See Ramos v. Lorain County Children Servs.*, No. 1:17CV2405 (N.D. Ohio); *Ramos v. Lorain County Children Servs.*, No. 1:17CV2589 (N.D. Ohio); *Ramos v. Lorain County Children Servs.*, No. 1:18CV1018 (N.D. Ohio); *Phillips v. Lorain County Children Servs.*, No. 1:19CV1062 (N.D. Ohio).

In Case No. 1:17CV2405, Ramos sued LCCS on behalf of himself, Phillips, and their children, alleging that the removal of the children from their custody violated their constitutional rights. That case was dismissed for failure to state a claim upon which relief may be granted. NDOH Case No. 1:17CV2405, ECF No. 6. In Case No. 1:17CV2589, Ramos again sued LCCS regarding the removal of the children from their home by LCCS; this case was dismissed for lack of subject matter jurisdiction. NDOH Case No. 1:17CV2589, ECF No. 5. In both cases, Ramos was permitted to proceed *in forma pauperis*.

---

[3] Phillips identifies Marcus Ramos as her fiancé in her Complaint. ECF No. 1 at PageID #: 18.

(1:19CV2213)

In Case No. 1:18CV1018, Ramos again sued LCCS on behalf of himself and Phillips regarding the removal of their children from their home; this case was dismissed on the grounds that his claims were barred by *res judicata*. Ramos was warned that if he filed another action against the LCCS or its employees pertaining to LCCS' removal of the children, he would be denied permission to proceed without full payment of the filing fee. *See* NDOH Case No. 1:18CV1018, ECF No. 5.

In Case No. 1:19CV1062, Phillips sued LCCS regarding the removal of their children, among other reasons. The case was dismissed for failure to state a plausible claim for relief, *Younger* abstention, and lack of subject matter jurisdiction. NDOH Case No. 1:19CV1062, ECF No. 12. In that action Phillips sought and was granted leave to proceed *in forma pauperis*.

In the instant and fifth action brought by Ramos and/or Phillips, Phillips' claims again revolve around the actions LCCS took regarding her and Ramos' children. She seeks here, as she did previously, to proceed *in forma pauperis*. ECF No. 4. She also moves the Court to appoint counsel to represent her (ECF No. 5) and for the Court to stay the ongoing state proceedings (ECF No. 11).

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss the complaint (before service), if the Court determines the matter is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

3

(1:19CV2213)

defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

To withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).  Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 471.

### III.  Analysis

### A.  Phillips' Claims Against LCCS

Phillips' claims in this case are dismissed for much the same reasons the prior four lawsuits concerning LCCS' removal of her children were dismissed.  As an initial matter, Phillips, a *pro se* litigant, may not represent anyone other than herself.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Cochran v. Nelson*, 1994 WL 28648, at *3 (6th Cir. Feb. 1,

4

(1:19CV2213)

1994) ("Because [plaintiff] is not an attorney, he may not represent his son in federal court.");

*Huff v. First Energy Corp.*, 2013 WL 639328, at *3 (N.D. Ohio Feb. 20, 2013) (collecting cases).

To the extent Phillips is asserting claims on behalf of the Ramos Family or anyone other than

herself, those claims are dismissed.

Phillips' claims in this case are barred by the doctrine of *res judicata* and are thus

dismissed.  This is the second action Phillips has filed regarding the actions LCCS took

concerning her children.  *See* NDOH Case No. 1:19CV1062.  *Res judicata* precludes a party from

bringing a second lawsuit on the same claim and bars the subsequent litigation of issues that were

actually addressed in a prior lawsuit or should have been raised in the prior action.  *See Gargallo*

*v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990).  In this

case, Phillips again challenges LCCS' actions concerning the removal of her children and alleges

that Defendant Ferris is responsible.  But her claims against Ferris, director of LCCS at the time

of the events at issue, could have and should have been raised in the prior action.  *See* NDOH

Case No. 1:19CV1062.

Phillips also fails to state a plausible claim for relief against Ferris.  In order to state a

plausible claim for relief, Phillips must offer more than a "the-defendant-unlawfully-harmed-me

accusation."  *Iqbal*, 556 U.S. at 678.  Phillips' arguments amount to conclusory claims that Ferris

violated her constitutional rights in connection with LCCS' removal of her children from her

custody.  Section 1983 liability[4] cannot be premised solely on a theory of respondeat superior or

---

[4] To state a claim under § 1983, a plaintiff must allege a violation of a right
secured by the constitution by a person acting under color of state law.  *West v. Atkins,*

(continued...)

5

the right to control employees. *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).

Absent specific allegations of his personal involvement with respect to the removal of her

children, Phillips' § 1983 claim against Ferris fails. *See Monell v. Dep't of Soc. Srvcs.*, 436 U.S.

658, 694 (1978); *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995) (finding that

in order for a supervisor to be adjudged liable under § 1983, there "must be a showing that the

supervisor encouraged the specific incident of misconduct or in some other way directly

participated in it.") (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Phillips'

only allegations against Ferris are that he was involved in alleged criminal conduct, he should

have "investigated further" before her children were removed, and that he fired a caseworker for

undisclosed reasons. *See* ECF No. 1 at PageID #: 10, 20. These allegations are all insufficient to

support a plausible § 1983 claim against Ferris. Phillips also fails to plausibly allege the

elements of a 42 U.S.C. § 1985 conspiracy to interfere with civil rights claim.[5] Section 1986

imposes liability on individuals who have knowledge of violations of § 1985 but fail to prevent

them. Because Phillips fails to plausibly allege a § 1985 violation, there can be no violation of §

1986.

---

[4](...continued)
487 U.S. 42, 48 (1988) (citations omitted).

[5] "To prove a conspiracy under section 1985, a plaintiff must show that (1) the
defendants conspired together for the purpose of depriving, directly or indirectly, a person
or class of persons of the equal protection of the laws; (2) the defendants committed an
act in furtherance of the conspiracy which caused injury to person or property or a
deprivation of any right or privilege of a citizen of the United States; and (3) the
conspiracy was motivated by racial, or other class-based, invidiously discriminatory
animus." *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club, LLC*, 204 F. App'x
528, 539 (6th Cir. 2006) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)).

To the extent that Philips seeks charges against Ferris for kidnaping and trafficking (Ohio Rev. Code § 2905.32), theft and fraud (Ohio Rev. Code § 2913.01), aggravated menacing (Ohio Rev. Code § 2903.21), and abduction (Ohio Rev. Code § 2905.02), she fails to allege a cognizable private right of action. "It is well-established that '[a]bsent express authorization, criminal statutes do not create civil causes of action.'" *Richeson v. Select Comfort Retail Corp.*, 2011 WL 5434019, at *3 (N.D. Ohio Nov. 8, 2011) (quoting *Groves v. Groves*, 2010 WL 3722641, at *6 (Ohio App. Sept. 23, 2010)) (further citation omitted). Phillips does not claim that she has a private right of action under any of the Ohio criminal statutes for which she seeks relief. Even if she were to, she fails to plausibly allege facts which would support liability under any such statute.

Finally, Phillips alleges that criminal proceedings against her remain pending, but provides no information regarding the nature of those proceedings and their relationship to the instant action. *See* ECF No. 1 at PageID #: 3-4. Under the abstention doctrine articulated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), when state proceedings are pending, federal claims that are related to the those proceedings should be decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). To the extent the pending criminal proceeding relates to the allegations in the instant action, the Court must abstain from interfering with the pending state matters.[6]

---

[6] And to the extent that Phillips seeks to collaterally attack a state court decision determining the custody of her children, those claims are also excluded from consideration by this Court. *See Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013) ("to the extent [plaintiff] seeks a declaration that the state's child-custody

(continued...)

Accordingly, Phillips' claims are dismissed pursuant to § 1915(e)(2)(B).

**B. Proceeding *in forma pauperis***

This is the second action brought by Phillips regarding the actions of LCCS and its employees, concerning her children. And together, Phillips and Ramos have filed five lawsuits regarding the matter. Another branch of this court determined that Ramos may not file another lawsuit in the Northern District of Ohio against LCCS or its employees pertaining to LCCS' actions concerning his children without payment of the full filing fee. *See* NDOH Case No. 1:18CV1018, ECF No. 5 at Page ID #: 175-76.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may deny a litigant the privilege of proceeding as a pauper when she abuses the privilege by repeatedly filing duplicative and meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). The Court, having reviewed Phillips' repetitive meritless federal lawsuits, concludes that Phillips has abused the privilege of proceeding *in forma pauperis* with respect to issues concerning LCCS, its employees, and her children. Accordingly, Phillips may no

---

[6](...continued)
determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating [his sisters]' parental rights and [were] properly excluded from consideration by the [district] court") (internal quotation marks omitted) (quoting *Stephens v. Hayes,* 374 F. App'x 620, 623 (6th Cir. 2010)).

(1:19CV2213)

longer pursue an action in the Northern District of Ohio pertaining to LCCS, its employees, and her children without first making full payment of the filing fee.[7]

## IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Phillips' motion to proceed *in forma pauperis* (ECF No. 4) is granted. If Phillips pursues future lawsuits in the Northern District of Ohio regarding the actions of Lorain County Children Services or its employees concerning her children, she is required to pay the full filing fee in order to proceed. Phillips' Motion for Appointment of Counsel (ECF No. 5) and Motion to Stay (ECF No. 11) are moot and denied as such.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  February 14, 2020                      /s/ Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge


_____

[7] This includes actions transferred to the Northern District of Ohio from another district.